IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**AMANDA ADAMS**                                                                                                    **PLAINTIFF**

**v.**                                              **NO. 3:15-CV-208-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                                   **DEFENDANT**

### ORDER REMANDING TO THE COMMISSIONER

Amanda Adams seeks the review of the denial of her claims for disability benefits. Ms. Adams alleged onset date of December 15, 2012, based on a left foot injury, bipolar condition, personality disorder, anxiety, and PTSD. (R. at 47). The Administrative Law Judge (ALJ) held a hearing on the denial of those applications, and issued a decision denying benefits. The Appeals Council denied Ms. Adams's request for reconsideration. (R. at 1). Thus, the ALJ's decision stands as the final decision. The parties have consented to this court's jurisdiction.

**I.      The Commissioner's Decision**

The ALJ determined at step 1 of the five-step process that Ms. Adams had not engaged in substantial gainful activity since the alleged onset date. (R. at 15). At step 2, the ALJ found that Ms. Adams had the severe impairments of mood disorder not otherwise specified, adjustment disorder, borderline personality disorder, bipolar 1 disorder most recent/current mixed severe without psychotic features, and generalized anxiety disorder at step 2. (R. at 15). At step 3, the ALJ determined that Ms. Adams's impairments neither met nor equaled any of the listings. (R. at 16).

Prior to moving to step 4, the ALJ found that Ms. Adams had the residual functional

capacity (RFC) to perform a full range of physical activity at all exertional levels but with nonexertional limitations. (R. at 18). According to the ALJ's findings, Ms. Adams retained the mental ability to understand, remember and carry out simple jobs and instructions; make judgments in simple work-related situations; respond appropriately to co-workers and supervisors with occasional incidental contact that is not necessary to perform the work; and respond appropriately to minor changes in usual work routine. He concluded that she should have no dealings with the general public. (R. at 18).

Applying this RFC, the ALJ found that Ms. Adams could not return to past relevant work. (R. at 22). Proceeding to step 5, the ALJ found that Ms. Adams could perform jobs such as kitchen helper and warehouse worker and, therefore, was not disabled. (R. at 23–24).

## II.     Discussion

Ms. Adams asserts that the ALJ erred in denying her claims for disability benefits because substantial evidence did not support the RFC. She argues that the hypothetical posed to the vocational expert was flawed, thus rendering the step 5 determination error.

Specifically, Ms. Adams contends that the ALJ failed to fully develop the record because there was no opinion from a treating or examining provider in the record. She contends that the ALJ improperly made independent medical findings from the record and improperly disregarded her Global Assessment of Functioning (GAF) scores.

In reviewing ALJ's decision, this Court determines if it is supported by "substantial evidence on the record as a whole." *Wilcutts v. Apfel*, 143 F.3d 1134, 1136 (8th Cir. 1998). The Court must consider the weight of the evidence supporting the ALJ's decision and balance it against any contradictory evidence. *Id*. The Court will not reverse, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th

Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

The record in this matter is devoid of opinion evidence from a treating or examining physician. (R. at 55). Ms. Adams contends that the ALJ had the responsibility to re-contact Ms. Adams's treating providers or to order a consultative examination to develop the record. The Commissioner responds that the evidence in the record is sufficient to support the ALJ's decision.

The ALJ has a duty to develop the record fully and must order a consultative examination if necessary to make an informed decision, even where the claimant is represented by counsel. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ is obligated to order an examination, however, only if there is not sufficient medical evidence to determine whether the claimant is disabled. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011).

The Commissioner cites *Sultan v. Barnhart*, 368 F.3d 857 (8th Cir. 2004) for the proposition that a consultative examination was unnecessary because other evidence in the record was sufficient. *Sultan* is not analogous because in that case treating physicians' opinions were discredited, and the court of appeals held it unnecessary to re-contact those providers or order a consultative examination. 368 F.3d at 863. The key difference between *Sultan* and this case is that the record *Sultan* included many opinions from treating or examining providers. *Id*. at 860–61. The record here, by contrast, includes treatment records, but no opinion evidence from any treating or examining physician.

Furthermore, the record here includes very little objective evidence regarding the limitations Ms. Adams's mental impairments impose. Almost all of the evidence regarding those limitations derives from her testimony or treatment notes regarding her own statements. The ALJ's duty to develop the record "includes the responsibility of ensuring that the record includes evidence from a treating physician, or at least an examining physician, addressing the particular

impairments at issue." *Strongson v. Barnhart*, 361 F.3d 1066, 1071–72 (8th Cir. 2004).  The ALJ should have taken measures to further develop the record by ordering a consultative examination or re-contacting Ms. Adams's treating physicians.

Ms. Adams also argues that the ALJ erred in drawing his own inferences from the medical records.  "An administrative law judge may not draw upon his own inferences from medical reports." *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975).  The Commissioner does not directly address this argument, instead resting on the sufficiency of the evidence in the record.  The ALJ extensively discussed treatment notes throughout the decision, such as Ms. Adams's statements to her treating providers; notes of appearance, mood, attitude, and suicidal or homicidal ideation; and medication changes.  (R. at 19–21).  The ALJ apparently drew conclusions from the notes because the notes themselves do not address functional limitations.

As part of the evidence cited in support of the decision, the ALJ noted that Ms. Adams was admitted overnight after overdosing on her prescribed medications, but concluded that this was not the result of suicidal ideation, but rather, because "she just wanted to get out of a court date and avoid going to jail for 30 days."  (R. at 19).

In her brief, the Commissioner argues this point as well, but neither the ALJ nor the Commissioner cites any medical basis for treating an intentional overdose as a less serious issue because it was motivated by an impending court date rather than an intent to commit suicide.  Further, the ALJ's decision did not address Ms. Adams's testimony that the overdose was a suicide attempt.  (R. at 37).  The severity of the emotional issues that drive such actions must be supported by medical evidence rather than the lay opinion of an ALJ.  *Lauer v. Apfel*, 245 F.3d 700, 703–04 (8th Cir. 2001).

Substantial evidence does not support the ALJ's decision, and the record is insufficiently

developed to determine whether Ms. Adams is disabled. A consultative examination is necessary to determine the effect of her mental impairments on her ability to work.

### III. Conclusion

The ALJ's decision is not supported by substantial evidence. The ALJ erred by not re-contacting Ms. Adams's treating providers or ordering a consultative examination. The ALJ also erred by drawing his own inferences from the medical evidence. The case is hereby remanded for further proceedings consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 14th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE